UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLINT BREWER,<br><br>                              Plaintiff,<br><br>  - against -<br><br>SOFIA VERGARA ENTERPRISES, INC. and SOFIA VERGARA<br><br>                             Defendants. | Docket No. 1:20-cv-4865<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Clint Brewer ("Brewer" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendants Sofia Vergara Enterprises, Inc. ("Sofia Vergara Enterprises") and Sofia Vergara ("Vergara" and together with Sofia Vergara Enterprises "Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendants' unauthorized reproduction and public display of a copyrighted photograph of actress Sofia Vergara, owned and registered by Brewer, a professional photographer. Accordingly, Brewer seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants resides and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Brewer is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 21809 Providencia Street, Woodland Hills, California 91364.

6. Upon information and belief, Sofia Vergara Enterprises is a business corporation registered with the New York State Department of Corporations do business in New York. At all times material hereto, Sofia Vergara Enterprises has operated their Instagram page the URL: www.Instagram.com/SofiaVergara (the "Website").

7. Vergara is an individual that has operated her Instagram page at the www.Instagram.com/SofiaVergara (the "Website")

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

8. Brewer photographed actress Sofia Vergara (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

9. Brewer then licensed the Photograph to Daily Mail. The Daily Mail ran an article that featured the Photograph titled *Sofia Vergara is effortlessly chic in ripped jeans as she joins Heidi Klum when walking onto the set of America's Got Talent*. See URL: https://www.dailymail.co.uk/tvshowbiz/article-8076073/Sofia-Vergara-Heidi-Klum-walk-set-

Americas-Got-Talent.html.  Brewer's name was featured in watermark on the Photograph identifying him as the photographer of the Photograph. A screenshot of the Photograph on the article is attached hereto as Exhibit B.

10. Brewer is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-207-931.

### B. Defendants' Infringing Activities

12. Defendants ran the Photograph on the Website to promote their brand and clothing. See: https://www.instagram.com/p/B9Zt2ULlry5/. A screenshot of the Photograph on the Website is attached hereto as Exhibit B.

13. Defendants had a link to Walmart on the Photograph on the Website which is where the clothing can be bought. See Exhibit B.

14. Defendants did not license the Photograph from Plaintiff for its Website, nor did Defendants have Plaintiff's permission or consent to publish the Photograph on its Website.

15. The post with the Photograph received over 263,000 likes.

16. The Website has 19 million followers.

<u>**CLAIM FOR RELIEF**</u>
<u>**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)**</u>
**(17 U.S.C. §§ 106, 501)**

17. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-16 above.

18. Defendants infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Defendants are not, and has never been,

licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

19. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

20. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

21. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for the infringement.

22. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants' willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

23. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS
## (17 U.S.C. § 1202)

24. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

25. Upon information and belief, in its article on the Website, Defendant copied the Photograph from the Daily Mail which contained watermark on the Photograph stating, "Clint

Brewer Photography" and then Defendant cropped out Plaintiff's watermark on the Photograph and placed it on the Website.

26. Upon information and belief, Defendants intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

27. The conduct of Defendants violates 17 U.S.C. § 1202(b).

28. Upon information and belief, Defendants falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

29. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendants intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Defendants also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

30. As a result of the wrongful conduct of Defendants as alleged herein, Plaintiff is entitled to recover from Defendants the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendants because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

31. Alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendants be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants' profits, gains or advantages of any kind attributable to Defendants' infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendants pursuant to 17 U.S.C. § 1203(c);

5. That Defendants' be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       June 24, 2020

                                            LIEBOWITZ LAW FIRM, PLLC

                                            By: /s/Richard Liebowitz
                                                  Richard P. Liebowitz
                                           11 Sunrise Plaza, Suite 305
                                           Valley Stream, NY 11580
                                           Tel: (516) 233-1660
                                           RL@LiebowitzLawFirm.com

                                           *Attorneys for Plaintiff Clint Brewer*