UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLINT BREWER,<br><br>                        Plaintiff,<br><br> - against -<br><br>SOFIA VERGARA ENTERPRISES, INC. and SOFIA VERGARA<br><br>                        Defendants. | Docket No. 1:20-cv-04865-AKH |

## DECLARATION OF JAMES H. FREEMAN

I, JAMES H. FREEMAN, hereby declares that the following is true and correct to the best of my personal knowledge and/or good faith belief:

1. I am lead counsel for plaintiff Clint Brewer ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2. I submit this declaration in support of Plaintiff's application for entry of default judgment against Sofia Vergara Enterprises Inc and Sofia Vergara ("Defendants") pursuant to Fed.R.Civ.P. 55(b) and Local Rule 55.2(b).

3. Plaintiff's claim arises under the Copyright Act, 17 U.S.C. § 101 et seq., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Description of the Claim**

4. Plaintiff's claims for copyright infringement involve Defendants' unlawful expropriation of Plaintiff's registered photograph of Sofia Vergara (the "Photograph"). [Complaint, ¶ 8, Ex. A]

5.     Plaintiff licensed the Photograph to the Daily Mail.  On or about March 4, 2020, the Daily Mail ran an article that featured the Photograph titled *Sofia Vergara is effortlessly chic in ripped jeans as she joins Heidi Klum when walking onto the set of America's Got Talent.* See: www.dailymail.co.uk/tvshowbiz/article-8076073/Sofia-Vergara-Heidi-Klum-walk-set-Americas-Got-Talent.html. Plaintiff's name was featured in a gutter credit identifying him as the photographer of the Photographs.  [Complaint, ¶ 9, Ex. B]

6.     Defendants operate a website at URL www.Instagram.com/SofiaVergara (the "Website").  [Complaint, ¶¶ 6-7, Ex. C]

7.     Defendants published an article on the Website featuring the Photograph. [Complaint, ¶ 12, Ex. C] The Article did not credit Plaintiff as the photographer.

8.     Defendants did not license the Photograph from Plaintiff for its article, nor did Defendants have Plaintiff's permission or consent to publish the Photographs on its Website [Complaint, ¶ 14]

**Description of the Method and Date of Service of the Original Summons and Complaint**

9.     On August 11, 2020, a copy of the summons and complaint was served on Defendants via Lauren Mauro, General Manager, a person authorized to accept service on Defendants' behalf [Affidavit of Service, Dkt. #5]  The deadline to file an answer or responsive pleading was September 1, 2020.

10.    The basis for entry of default is Defendants' failure to answer or otherwise file a response to the complaint.

11.    As neither defendant has appeared in this action; the Court may appropriately order a default judgment against Defendants, jointly and severally, on the issue of damages.

**The Proposed Damages and The Bases For Each Element of Damages Including Interest, Attorneys' Fees, And Costs**

**Count I: Statutory Damages for Copyright Infringement**

12.     The Copyright Act provides that courts may award up to $150,000 per work for willful copyright infringement and up to $30,000 for non-willful infringement. *See* 17 U.S.C. § 504(c).

13.     Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the Photograph was registered within three months of initial publication. *See* 17 U.S.C. § 412(2); *see also Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936 KMW, 2011 WL 1226277, at *1 (S.D.N.Y. Mar. 29, 2011) (noting that §412(2) provides a three-month grace period to register a copyright after the work's first publication).

14.     Here, the Photograph was initially published on March 4, 2020 and the effective date of copyright registration is June 2, 2020, within the three-month grace period to qualify for statutory damages under 17 U.S.C. § 504(c) plus attorneys' fees under 17 U.S.C. § 505. Attached hereto as <u>Exhibit D</u> is a true and correct copy of Plaintiff's relevant copyright registration, bearing No. VA 2-207-931, as sourced from the Copyright Office's Public Catalog website.

15.     For violation of 17 U.S.C. § 501, Plaintiff seeks $5,000.00 in statutory damages for willful copyright infringement.  *See* Memorandum of Law filed concurrently herewith.

**Count II: Statutory Damages for DMCA Violation**

16.     The Digital Millennium Copyright Act ("DMCA") provides that courts may award between $2,500 and $25,000 in statutory damages for violation of section 1202(b).  *See* 17 U.S.C. § 1203(c)(3)(B).

17. Here, for Defendants' violation of section 1202(b)(3) of the DMCA, Plaintiff seeks $5,000 in statutory damages. *See* Memorandum of Law filed concurrently herewith.

**Attorneys' Fees and Costs**

18. Plaintiff seeks $455.00 in attorneys' fees and $440.00 in costs under 17 U.S.C. § 505.

19. I am an associate at Liebowitz Law Firm, PLLC and have been admitted to practice for almost twenty years. I graduated from Benjamin N. Cardozo School of Law in 2000. I have substantial experience in litigating copyright enforcement actions, having appeared in more than 350 federal lawsuits involving copyright disputes. My hourly rate of $350/hr. was approved in *Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368, 376 (S.D.N.Y. 2019) ("the Court finds that $350 per hour is an appropriate rate for Freeman's hours").

**Statement of Fees**

| Date | Description of Services | Time | Total |
|---|---|---|---|
| 1/27/21 | • Request Clerk's Entry of Default | 0.2 | $70.00 |
| 2/4/21 | • Draft application for default judgment, including attorney declaration | 1.1 | $385.00 |
| **Total** | | 1.3 | **$455.00** |

**COSTS**

| Date | Description | Total |
|---|---|---|
| 6/24/20 | Court filing fee | $400.00 |
| 8/11/20 | Personal service fee | $40.00 |
| **TOTAL** | - | **$440.00** |

*Legal Authority For Why An Inquest Would be Unnecessary*

20.     As a general matter, the amount of damages to award in connection with a default judgment may be decided by the Court without a hearing. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (holding that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured there was a basis for the damages specified in the default judgment'").

21.     Here, a formal inquest into actual damages is unnecessary because Plaintiff has elected an award of statutory damages as a basis which, as a matter of law, does <u>not</u> require proof of actual damages or infringers' profits. *See, e.g., Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004) (statutory damages may be awarded under 17 U.S.C. § 504(c)(1) "without requiring a plaintiff to make a showing of profit by the Defendants or loss by the plaintiff as a result of the infringing activity."); *Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages."); *Tu*, 2009 WL 2905780 ("the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award.").

22.     No part of the Judgment sought has been paid, other than as indicated in the present motion.

23.     Attached hereto as <u>Exhibit A</u> is a true and correct copy of the initiating complaint plus exhibits.

24.     Attached hereto as <u>Exhibit B</u> is a copy of the affidavit of service of the summons and complaint.

25. Attached hereto as <u>Exhibit C</u> is the Certificate of Default from the Clerk of Court.

Dated: February 12, 2021
Valley Stream, New York

                                          Respectfully Submitted:

**s/jameshfreeman/**
By: James H. Freeman
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
F: (516) 612-2740
JF@LiebowitzLawFirm.com

*Counsel for Plaintiff*